J-S35007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WATSON | : | |
| | : | |
| Appellant | : | No. 1332 MDA 2020 |

Appeal from the PCRA Order Entered October 1, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000449-2001

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                 **FILED: JANUARY 20, 2022**

Appellant, James Watson, appeals *pro* se from the order entered on October 1, 2020, dismissing, as untimely, his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court summarized the procedural history as follows:

Appellant was convicted by [a] jury on September 12, 2002, of first-degree murder, conspiracy to commit homicide, kidnapping, conspiracy to commit kidnapping, [unlawful restraint, false imprisonment, aggravated assault, tampering with or fabricating physical evidence, and persons not to own or possess firearms.[2]] Appellant was sentenced that [same] day to life imprisonment for the murder conviction, but sentenc[ing] was deferred on the remaining convictions.  On November 22, 2002, Appellant was sentenced to an aggregate sentence of [46] to [92] years[']

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(a), 903, 2901(a)(2), 903, 2902, 2903, 2702(a)(4), 4910(1), and 6105, respectively.

imprisonment for the remaining convictions [to run] consecutive[ly] to the life sentence.

[This Court] affirmed the judgment of sentence on August 20, 2004[,] and [our] Supreme Court denied allowance of appeal on April 18, 2005. [*See Commonwealth v. Watson*, 860 A.2d 1136 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 872 A.2d 1199 (Pa. 2005).] Appellant filed a timely *pro se* [PCRA] petition[, his first,] on May 18, 2004. He was appointed counsel who [subsequently] filed an amended PCRA petition. [Ultimately, the PCRA court denied Appellant's petition and the order denying Appellant's petition was affirmed by this Court on January 15, 2016. *See Commonwealth v. Watson*, 2016 WL 193407 (Pa. Super. 2016) (unpublished memorandum)].

PCRA Court Opinion, 6/14/21, at 1 (unpaginated).

Appellant, acting *pro se*, filed the instant PCRA petition, his second, on June 12, 2020. *Id.* On July 1, 2020, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 because Appellant's petition was untimely and he failed to allege an exception to the PCRA's one-year jurisdictional time bar. *Id.* at 2. On September 24, 2020, after receiving an extension of time, Appellant filed a response to the PCRA court's notice to dismiss; however, the PCRA court found that Appellant again failed to address the one-year jurisdictional time bar. *Id.* Consequently, it dismissed Appellant's petition on October 1, 2020. *Id.* This appeal followed.[3]

_____

[3] As the PCRA court explained:

Appellant filed a timely appeal[;] however, [the PCRA] court was not served with a copy of the appeal[.] As a result [of] the lack of service, [the PCRA] court did not enter an order directing

*(Footnote Continued Next Page)*

- 2 -

Appellant raises the following issues on appeal:

I. Whether trial counsel and PCRA counsel failed to subject the Commonwealth's case to adversarial testing in failing to argue, present, or litigate the denial of a trial by a fair cross-section of the community in violation of the Equal Protection Clause of the Fourteenth Amendment where Appellant was tried by an all-white jury?

II. Whether both trial counsel and PCRA counsel were fatally ineffective for failing to subject the Commonwealth's case to adversarial testing, where said failure amounted to a breakdown of the adversarial testing process prior to trial and all subsequent appeals related thereto?

III. Whether this case should be remanded for the appointment of counsel to develop the facts regarding (a) the timeliness of the petition, and (b) the merits of the petition based upon the extraordinary circumstances presented to this Court?

Appellant's Brief at 1-2 (cleaned up). Before we can address the substance of Appellant's claims, we must first analyze the timeliness of Appellant's second PCRA petition, which implicates our jurisdiction over the instant claims.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. [A]mendments to the PCRA, effective January 16, 1996, provide [that] a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of

---

Appellant to file a [concise] statement of [errors] complained of on appeal [pursuant to Pa.R.A.P. 1925(b)].

PCRA Court Opinion, 6/14/21, at 2. The PCRA court filed its opinion pursuant to Rule 1925(a) on June 14, 2021.

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. Lastly, there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions.

*Commonwealth v. Vinson*, 249 A.3d 1197, 1203–1204 (Pa. Super. 2021)

(internal case citations and some quotations omitted).

Moreover, an appellant must plead a timeliness exception in the PCRA petition itself. *Commonwealth v. Stanton*, 184 A.3d 949, 954 n.4 (Pa. 2018); *see also Commonwealth v. Wharton*, 886 A.2d 1120, 1125-1126 (Pa. 2005). PCRA petitioners must acknowledge within the petition under review that it is untimely but that one or more exceptions apply.

- 4 -

***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing[.]" ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Here, our Supreme Court denied further review of Appellant's judgment of sentence on April 18, 2005. Therefore, Appellant's judgment of sentence became final on July 17, 2005, when the 90-day period for filing a *writ* of *certiorari* with the Supreme Court of the United States expired. ***See*** U.S. Sup. Ct. R. 13(1); ***see also*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's PCRA petition filed on June 12, 2020, more than fourteen years after his judgement of sentence became final, is patently untimely.

Upon careful review of the instant *pro se* petition and Appellant's response to the PCRA court's Rule 907 notice of its intent to dismiss the petition, we find Appellant raised the timeliness exception set forth at § 9545(b)(1)(iii), which pertains to newly recognized constitutional rights. Section 9545(b)(1)(iii) provides a timeliness exception for petitioners who allege and prove that:

> The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii). Throughout his response, Appellant asserts that his petition "is predicated and timely pursuant to the United States Supreme Court[] ruling in ***Flowers v. Mississippi***," 139 S.Ct. 2228 (2019).

*See*, *e.g.*, Response to Notice of Intent to Dismiss, 9/24/20, at 3. He argues that *Flowers* "is and should be recognized [as] a new watershed rule of criminal procedure which applies retroactively on collateral review." *Id.* at 13. Appellant contends that his petition raised a constitutional claim under *Flowers* and was filed "within the prescribed timeline." *Id.* at 13-14. While Appellant neither acknowledged the untimeliness of his petition nor cited an exception **explicitly**, we find that his response to the PCRA court's Rule 907 notice of its intent to dismiss the petition, when liberally construed, sets forth sufficient averments to sustain his burden of asserting the newly recognized constitutional right timeliness exception. *See Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (acknowledging that "courts may liberally construe materials filed by a *pro se* litigant).

Although, at first blush, Appellant invokes the timeliness exception pertaining to a newly recognized constitutional right, a deeper review of Appellant's claim reveals that he cannot satisfy the requirements of § 9545(b)(1)(iii). The United States Supreme Court stated that its decision in *Flowers* "break[s] no new legal ground," but rather, merely applies the holding announced in *Batson v. Kentucky*, 476 U.S. 79 (1986), "to the extraordinary facts of [the present] case." *Flowers*, 139 S.Ct. at 2251. Further, a *Batson* claim involves the discriminatory use of peremptory strikes during the selection of individuals who ultimately serve on a petit jury. This is a different claim than that asserted by Appellant – a challenge to the general

composition of the pool of prospective jurors. **See Commonwealth v. Carter**, 2013 WL 11253813 (Pa. Super. 2013) (unpublished memorandum) (distinguishing the appellant's challenge to the racial composition of the jury pool from a **Batson** challenge to a prosecutor's discriminatory use of peremptory challenges).[4] Lastly, while Appellant argues that **Flowers should be applied retroactively**, he fails to cite to any decision which provides that **Flowers has already been deemed** to apply after a judgment of sentence has become final. **See Commonwealth v. Murphy**, 180 A.3d 402, 405 (Pa. Super. 2018) (explaining that, to fulfill the requirements of § 9545(b)(1)(iii), a petitioner must demonstrate that the United States Supreme Court or the Pennsylvania Supreme Court "already held the new constitutional right to be retroactive to cases on collateral review … at the time the petition was filed."), *quoting* **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002). On the contrary, the United States Supreme Court explicitly limited its decision solely "to the extraordinary facts" of the specific case before it. **Flowers**, 139 S.Ct. at 2251. Thus, Appellant's claim cannot fall within the newly recognized constitutional right exception to the jurisdictional time bar. Consequently, the

---

[4] Appellant's claim that the jury pool did not reflect a fair cross section of the community has been recognized for over four decades. **See Duren v. Missouri**, 439 U.S. 357, 363 (1979) (articulating tripart test for establishing a prima facie violation of the fair cross-section requirement of the Sixth and Fourteenth amendments to the United States Constitution); **see also Commonwealth v. Harris**, 424 A.2d 1245, 1247 (Pa. 1981) (applying the test articulated in **Duren**).

PCRA court lacked jurisdiction to review Appellant's PCRA petition, and we may not review the substance of Appellant's claims on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/20/2022